UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVINDER SINGH SANDHU,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, Administrator of Golden State Annex; TODD LYONS, Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States,<br><br>Respondents. | No.  1:26-cv-02854-KES-SKO (HC)<br><br>ORDER DENYING MOTION TO DISMISS AND TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA<br><br>Doc. 9 |

On April 15, 2026, petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order.  Docs. 1, 2.  On April 17, 2026, respondents filed an amended opposition to the motion for temporary restraining order and motion to dismiss.  Doc. 9. Respondents' filing indicates that the Court lacks jurisdiction over this habeas petition because petitioner has been detained at Adelanto Processing Center since April 9, 2026—prior to the filing of the instant petition.  *Id.* at 1–2.  Respondents have submitted supporting documentation. Docs. 9-1, 9-2.

"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).  The Ninth Circuit has

1

"affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Habeas jurisdiction is established at the time of filing. *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018) (petitioner's transfer to another facility did not destroy the jurisdiction established at the time of filing).

Here, petitioner challenges his present physical custody. Doc. 1 at 1. At the time of filing, petitioner was detained at the Adelanto Detention Facility in Adelanto, California, which is in the Central District of California. Doc. 9. Therefore, jurisdiction is proper in the Central District of California.

Where a district court lacks jurisdiction to preside over a case, it may transfer the action to the court where jurisdiction is proper pursuant to 28 U.S.C. § 1631 where: (1) the transferor court lacks jurisdiction, (2) the transferee court could have exercised jurisdiction at the time that the action was filed, and (3) transfer is in the interest of justice. *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989). "The federal transfer statute is applicable in habeas proceedings." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). The interests of justice warrants transfer, rather than dismissal, of this action to prevent undue delay. *See id.* (finding transfer of habeas petition served interests of justice where it would prevent unnecessary delay); *Randhawa v. Warden of Otay Mesa Det. Facility*, No. 1:25-CV-01201-SAB-HC, 2025 WL 2651282, at *1 (E.D. Cal. Sept. 16, 2025) (transferring habeas petition raising similar claims). Therefore, transfer of this action rather than dismissal is appropriate under the circumstances.

The Clerk of the Court is DIRECTED to transfer this case to the Central District of California.

IT IS SO ORDERED.

Dated:   April 21, 2026

_____
UNITED STATES DISTRICT JUDGE